FILED - GR
December 11, 2009 11:35 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw__/_____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

THE MARTEC GROUP, INC.,
an Illinois corporation,

      Plaintiff,

v.

MICHAEL A. McCRARY, a Michigan citizen,
and PINE RIVER CONSULTING, LLC, a
Michigan limited liability company, jointly and
severally,

      Defendants.

Case No. **1:09-cv-1119**
HON. **Robert J. Jonker**
         **U.S. District Judge**

MAGISTRATE JUDGE

---

Robert W. Morgan (P24956)
Mark E. Straetmans (P29158)
BERRY MOORMAN P.C.
Attorneys for Plaintiff
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

---

## COMPLAINT AND JURY DEMAND

NOW COMES THE MARTEC GROUP, INC. ("Martec), plaintiff herein, and states the following as its Complaint against MICHAEL A. McCRARY ("McCrary") and PINE RIVER CONSULTING, LLC ("Pine River"), defendants herein, as follows:

### THE PARTIES

1.     Martec is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

2. Martec is in the business of providing market research to aid businesses to make tactical decisions to achieve their strategic business goals.

3. McCrary is a citizen the State of Michigan.

4. On information and belief, McCrary is a member of and registered agent for Pine River, a Michigan limited liability company, and was, until October 23, 2009, a principal in Martec.

5. Pine River is a limited liability company organized under the laws of the State of Michigan.

6. In information and belief, Pine River's registered office and its principal place of business is in Traverse City, Michigan.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, because plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the Western District of Michigan, pursuant to the provisions of 28 U.S.C. § 1391(a), because it is the judicial district where Defendant McCrary resides and, where Defendant Pine River has its principal place of business, as well as, the judicial district where the conduct giving rise to this Complaint occurred.

9. This Court has personal jurisdiction over the defendants McCrary and Pine River because McCrary is a citizen of the State of Michigan, Pine River is a Michigan limited liability company, and their conduct giving rise to the Complaint occurred in Michigan.

2

## FACTUAL BACKGROUND

10.     On or about November 19, 2007, while McCrary was employed by Martec, the Articles of Organization for Pine River were filed with the State of Michigan naming McCrary as its registered agent.

11.     Since at least 1995, Martec has had a business relationship with 3M Company ("3M"), located in St. Paul, Minnesota.

12.     On or about June 9, 2009, Martec entered into a contract with 3M, wherein Martec was to perform a 3M Personal Safety Brand Promise - Qualitative Phase ("Phase I") project.

13.     McCrary, on behalf of Martec, was the Project Manager on this 3M Phase I project.

14.     Upon the conclusion of the Phase I project, Martec, through McCrary, submitted a proposal to 3M for 3M Personal Safety Brand Promise - Quantitative Phase ("Phase II") on September 18, 2009.

15.     McCrary resigned from his employment with Martec on October 23, 2009.

16.     Subsequent to McCrary's resignation, Martec discovered an e-mail dated September 29, 2009 from Ann Hurley Bearth, Market Research Manager for 3M, disclosing that McCrary, employing Martec's trade secrets and confidential proprietary information contained in Martec's September 18, 2009 proposal to 3M and elsewhere, solicited and sought to divert Martec's business expectancy with 3M to himself or his own company, Pine River while he was still employed by Martec. A copy of said e-mail is attached hereto at Exhibit A.

17. On November 12, 2009, Martec contacted 3M both in regard to its September 18, 2009 proposal, and that it had come to Martec's attention that McCrary, while working for Martec, had solicited the business for himself or Pine River.

18. In response to Martec's inquiry, 3M notified Martec by e-mail dated November 12, 2009, that it is putting its business relationship with Martec "on hold" until it received "written confirmation from both parties that the issue between the two companies has been resolved." A copy of said e-mail is attached hereto at Exhibit "B".

19. On information and belief, at some point after the formation of Pine River and while McCrary was employed by Martec, McCrary, individually and/or jointly in concert with Pine River, began to systematically solicit and divert the business expectancies which Martec had with its clients and potential clients to himself and/or Pine River, including, but not limited to, 3M, Certainteed Corporation and Medtronic, Inc.

## COUNT I
### Tortious Interference with Business Expectancies
### vs. Defendants McCrary and Pine River

20. The allegations contained in Paragraphs 1-19 of this Complaint are incorporated by reference as if fully set forth herein.

21. By undertaking the acts described above, McCrary or Pine River, or both McCrary and Pine River acting in concert together, tortiously interfered with the business expectancy which Martec had with 3M and others.

22. Through these wrongful acts, McCrary or Pine River, or McCrary and Pine River acting in concert together, wrongfully and unjustifiably usurped Martec's business expectancy with 3M and others.

23. As a direct and proximate result of said tortuous interference with Martec's business expectations with 3M and others, Martec has sustained and will sustain damages in excess of $75,000.

## COUNT II
### Breach of Fiduciary Duty and Duty of Loyalty
### vs. Defendant McCrary

24. The allegations contained in Paragraphs 1-23 of this Complaint are incorporated by reference as if fully set forth herein.

25. Under Michigan law, while McCrary was employed by Martec, he owed Martec a fiduciary duty and a duty of loyalty during his employment with Martec, and he breached those duties when he acted contrary to the best interests of Martec.

26. During his employment with Martec, McCrary breached his fiduciary duty and duty of loyalty when he sought to usurp (and on information and believe, did usurp) Martec's continuing business opportunities and expectations with Martec's clients and business expectations with prospective clients to himself and/or Pine River.

27. As a direct and proximate result of McCrary's breaches of his fiduciary duty and duty of loyalty, Martec has sustained and will sustain damages in excess of $75,000.

## COUNT III
### Violation of Michigan's Uniform Trade Secrets Act
### vs. Defendants McCrary and Pine River

28. The allegations contained in Paragraphs 1-27 of this Complaint are incorporated by reference as if fully set forth herein.

29. Under Michigan's Uniform Trade Secrets Act, MCL § 445.1901, *et seq*, a complainant has the legal right to enjoin the use of misappropriated trade secrets and recover damages for such misappropriation.

30. On information and belief, McCrary, while employed by Martec, had knowledge of Martec's trade secrets and individually and/or, on information and belief, jointly in concert with Pine River, misappropriated those trade secrets to the benefit of himself and/or Pine River.

31. As a direct and proximate result of such misappropriation of such trade secrets, Martec has sustained and will sustain damages in excess of $75,000 and is entitled to injunctive relief.

## COUNT IV
### Breach of a Confidentiality Agreement
### vs. Defendant McCrary

32. The allegations contained in Paragraphs 1-31 of this Complaint are incorporated by reference as if fully set forth herein.

33. On September 22, 2001, McCrary entered into a Confidentiality Agreement with Martec, a copy of which is attached as Exhibit C.

34. As part of the Confidentiality Agreement, McCrary agreed that for the consideration of $100 and continued employment with Martec, he would not "directly or indirectly use, report, publish, transfer or disclose any trade secrets and/or confidential proprietary information except when acting as an employee of Employer solely for Employer's benefit in accordance with Employer's established business practices and policies."

35. In breach of this Confidentiality Agreement, McCrary, directly for himself or indirectly for the benefit of Pine River, used Martec's trade secrets and confidential proprietary information to usurp Martec's business from its clients and potential clients including 3M and others.

36. Under the terms of the Confidentiality Agreement, Martec is entitled an accounting and repayment of all profits, compensation, commission, remunerations or benefits

which McCrary realized upon the breach, or in lieu of the aforesaid accounting, Martec is entitled to liquidated damages in the amount of $25,000 for each individual breach together with injunctive relief.

37.  As a direct and proximate result of McCrary's breach of the Confidentiality Agreement, Martec has sustained and will sustain significant damages and is entitled to the agreed upon liquidated damages and injunctive relief.

**WHEREFORE,** Plaintiff Martec demands a judgment for damages sustained as a result of Defendant McCrary's actions as described in Counts II and IV, above, together with pre-judgment interest, post-judgment interest, attorney's fees, plus its costs of this action.  Further, Plaintiff Martec demands a judgment against Defendants McCrary and/or Pine River as a result of their actions as described in Count I, above, together with pre-judgment interest, post-judgment interest, attorney's fees, plus its costs of this action.  Finally, Martec demands preliminary and permanent injunctive relief against Defendants McCrary and Pine River prohibiting their use of Martec's trade secrets, together with damages sustained as a result of the misappropriation of Martec's trade secrets, including an award of attorney's fees.

**Plaintiff Demands Trial by Jury**

Respectfully submitted:

BERRY MOORMAN P.C.

By: _____
Robert W. Morgan (P24956)
Mark E. Straetmans (P29158)
Attorneys for Plaintiff
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200
Email: rmorgan@berrymoorman.com

Dated: December 10, 2009